IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | Cause No. CV 21-26-BLG-DLC |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN; STATE OF MONTANA, | |
| Respondents. | |

Petitioner Lionel Scott Ellison previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and a brief in support.  (Docs. 1 & 2.)  Ellison also filed various motions and supplements to his petition.   Magistrate Judge Cavan subsequently recommended that Ellison's motions be denied and that the petition be dismissed on the merits with prejudice.  See generally, (Doc. 35.)  As to Ellison's motions for recusal, Magistrate Judge Cavan denied the motion to recuse himself and recommended that Ellison's motion to recuse the undersigned be denied.  *Id*. at 86-95.

On September 27, 2022, the undersigned adopted Magistrate Judge Cavan's findings and recommendations in full.  (Doc. 64.)  This matter was dismissed with prejudice and a certificate of appealability was denied.  *Id*.

1

On September 30, 2022, Ellison filed a notice of appeal.  (Doc. 66.)  The Ninth Circuit has not set a briefing, because it has not yet determined whether a certificate of appealability will issue.  (Doc. 67.)

Ellison has now filed a Motion for Rehearing and Recusal (Doc. 68), as well as a Motion for Relief from Judgment.  (Doc. 69.)  As the basis for his motion for rehearing and recusal, Ellison recasts prior arguments that have already been addressed by this Court.  That is, he believes the undersigned has exhibited prejudice and abused the Court's discretion.  Ellison believes this constitutes a sufficient basis for recusal under 28 U.S.C. § 144.  (Doc. 68.)

As set forth above, this issue has been addressed extensively not only in this matter, but also in companion proceedings. See e.g., *Ellison v. Fletcher*, Cause No. CV 17-168-BLG-DLC, Or. (D. Mont. April 13, 2022); see also, *Ellison v. Guyer*, Cause No. CV 18-176-BLG-DLC, Or. (D Mont. April 13, 2022).  Additionally, the Court would note that on November 26, 2021, Chief Judge Thomas dismissed Ellison's complaints of judicial misconduct against the undersigned and Magistrate Judge Cavan.  See, *In re: Complaint of Judicial Misconduct*, Cause Nos. 21-90024 and 21-90025, Or. (9th Cir. Nov, 26, 2021).  Subsequently, a panel reviewed the Chief Judge's order and affirmed the dismissal of Ellison's judicial misconduct complaints.  See, *In re: Complaint of Judicial Misconduct*, Cause Nos. 21-90024 and 21-90025, Or. (9th Cir. April, 20, 2022).  Ellison cannot continue to use closed

proceedings to relitigate issues that have already been addressed and rejected by this Court and the Circuit.  His remedy, if any, lies in appeal.

Similarly, Ellison's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and/or 60(d)(3) also lacks merit.  Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Ellison asserts he is entitled to relief under subsections 1, 2, 3, and 4, because he believes he can show judicial error, fraud committed by the state prosecutors and this Court, as well as a void criminal judgment resulting from a purported double jeopardy violation.  (Doc. 69 at 1); see also, (Doc. 69-1.)  But all of these arguments have been put forward by Ellison and addressed in the prior Findings and Recommendations and Orders of this Court.  Ellison does not present any new or compelling basis that would warrant relief under these portions of the Federal Rule.

3

Ellison further believes he is entitled to relief under Rule 60(b)(6) because extraordinary circumstances exists, that is, the undersigned "refuses to rule against himself" and instead favors the State of Montana, even though the state has "legally waived issues" by their failure to brief certain issues. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F. 3d 737, 749 (9th Cir. 2008)(citations omitted). The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.*, citing *Latshaw v. Trainer Wortham & Co., Inc*., 453 F. 3d 1097, 1103 (9th Cir. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marilyn Nutraceuticlas, Inc. v. Mucos Pharma GmbH& Co.,* 571 F. 3d 873, 880 (9th Cir. 2009), citing *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).

Again, the claims Ellison puts forth in support of his Rule 60(b)(6) motion have been previously addressed by the Court and the Court declines to entertain any further argument. The motion is not based upon newly discovered evidence, there has been no change in controlling law, and Ellison has not demonstrated that this Court committed clear error. Ellison is not entitled to relief.

Under Rule 60(d)(3), a court may set aside a judgment on "fraud on the court." "Fraud on the court" is "fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner." *Alexander v. Robertson*, 882 F. 2d 421, 424 (9th Cir. 1989). A party seeking to invoke Rule 60(d)(3) must demonstrate an unconscionable plan or scheme which is designed to improperly influence the court in its decision. *Pumphrey v. K.W. Thompson Tool Co.*, 62 F. 3d 1128, 1131 (9th Cir. 1995). Courts should narrowly read "fraud on the court" to preserve final judgments. *Latshaw v. Rainer Wortham & Co., Inc.*, 452 F. 3d 1097, 1104 (9th Cir. 2006).

Ellison renews his argument that the undersigned has committed fraud upon the Court by refusing to recuse himself and ruling against Ellison. See, (Doc. 69-1 at 5-6.) Again, the argument has been previously addressed in not only these proceedings, but also in Ellison's companion cases. While Ellison may disagree with the rulings of this Court, he has not demonstrated that the judicial machinery is not functioning as it should or that any party has attempted to improperly influence this Court's decision-making process. Ellison cannot make the requisite showing and there is no basis to disturb the final judgment that has been entered. The Rule 60(d)(3) motion will also be denied.

The Court will make one final observation. Attached to Ellison's motion for

relief from judgment is a copy of the Application for a Certificate of Appealability that Ellison recently filed with the Circuit.  See, (Doc. 69-2.)  At the end of the document, Ellison included a section entitled, "Judicial Notice of Error by the District Court Judge."  Ellison states that in a prior order of this Court, it was noted that state district court judge Matthew Wald was not a part of Judge Blair Jones "County Attorney Staff, and that Ellison had falsely stated it as so."  *Id*. at 31. Ellison then cites to an unidentified document from *State v. Old Elk,* that, according to Ellison, is "undeniable proof" that Judge Wald was the county attorney in that case.  Ellison seems to believe this fact shows prejudice on not only the part of this Court, but also of Judge Wald, and demonstrates an attempt to "impeach Ellison's claims."  *Id*.  The Court would point out that Matthew Wald was not the prosecutor in that matter, but rather was Mr. Old Elk's defense attorney.  See e.g., *State v. Old Elk*, Br. of Appellee, 2008 WL 1859634, 4-5 (Mont.)(citing March 19, 2007 sentencing hearing transcript).  The Court believes the characterization of those involved in Ellison's underlying proceedings should be accurate. Ellison's representation to the Circuit is inaccurate.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A certificate of appealability should issue as to those claims on

which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief, *United States v. Winkles*, 795 F. 3d 1134, 1139 (9th Cir. 2015), as well as a Rule 60(d) motion for relief. *Payton v. Davis*, 906 F. 3d 812, 820 (9th Cir. 2018).

A certificate of appealability is denied. Ellison has been afforded adequate opportunity to mount constitutional challenges to his state convictions. Reasonable jurists viewing the argument submitted in support of Ellison's motions, analyzed under either Rule 60(b) or 60(d), would not disagree whether a certificate of appealability should issue to challenge this Court's exercise of discretion in denying the motion. There are no close questions and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## ORDER

1. Ellison's Motion for Rehearing and Recusal (Doc. 68) is DENIED;

2. Ellison's Motion for Relief from Judgment (Doc. 69) is DENIED;

3.  A certificate of appealability is DENIED;

4.  This matter is CLOSED.  The Clerk of Court is directed to discard any

future filings in this matter.

DATED this 18th day of October, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge